# Union Paving Company, Appellant, *v.* City of Philadelphia.

*Contracts—Contract of indemnity—Possible liability of indemnity—Right to retain money.*

Where a contract between a municipality and contractor provides that the municipality can retain all or so much of the moneys due the contractor as the director of public works may deem necessary, until all suits for damages growing out of the performance of the work have been settled, the municipality is justified in withholding a sum equal to an amount claimed in a suit against it, arising out of the alleged negligence of the contractor, and is not bound to determine beforehand, whether or not the plaintiff was negligent in the performance of the contract. It may leave the determination of that question to the jury called to pass upon it at the proper time. Its interest is to protect itself, by retaining a sufficient amount from the contract price, to save itself harmless until the action in trespass is decided.

Argued December 11, 1923. ¦Appeal, No. 300, Oct. T., 1923, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1922, No. 5877, in favor of defendant non obstante veredicto, in the case of Union Paving Company v. City of Philadelphia. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit.   Before FERGUSON, J.

The facts are stated in the opinion of the Superior Court.

The jury rendered a verdict in favor of the plaintiff in the sum of $1,586.25.   Subsequently the court entered judgment in favor of the defendant non obstante veredicto.   Plaintiff appealed.

*Error assigned* was the decree of the court.

*Walter Biddle Saul,* of *Saul, Ewing, Remick and Saul,* for appellant.

*James Francis Ryan,* Assistant City Solicitor, and with him *Wm. M. Stewart, Jr.,* Assistant City Solicitor, and *David J. Smyth,* City Solicitor, for appellee.

OPINION BY KELLER, J., February 29, 1924:

Plaintiff in its contract with the City of Philadelphia expressly agreed to indemnify, defend and save harmless the City from all suits and claims for damages, loss or injury to persons or property received or sustained from the contractor, its agents or servants, in the performance of the work thereunder; and further agreed therein that the city might retain all or so much of the moneys due the contractor under said contract, as the director of public works might consider necessary, until all such suits had been settled and satisfactory evidence to that effect furnished.   A man named Seth brought an action against the city claiming $1,500 for personal injuries sustained through falling into an uncovered sewer opening, which he alleged was negligently maintained.   The city's records showed that plaintiff had been installing a new sewer inlet under said contract at the time and place the injury was said to have been sustained, and, accordingly, on the completion of the contract the city retained $1,500 of the contract price as indemnity against said suit; the director of public works having

certified that he considered that amount necessary to protect the city against said claim. Before the personal injury case was tried plaintiff brought this action to compel the payment of the $1,500 thus retained.

The evidence in the case was sufficient to link up the accident or injury with the work plaintiff was performing under said contract. It was not necessary for the city, in the present action, to prove that this plaintiff was guilty of the negligence charged by Seth. If a claim for damages for personal injuries, growing out of the plaintiff's performance of its contract, is presented to the city, or suit is brought against the city based thereon, the city is not bound to determine, at its peril, whether or not the plaintiff was negligent in the performance of its contract; it may leave the determination of that question to the jury called to pass upon it at the proper time. Its interest is to protect itself, and the contract expressly provides how this may be done—, by retaining a sufficient amount from the contract price to save itself harmless until the action in trespass is decided and it is determined whether the claim is well-founded or not.

Nor is it material that the contractor's bond may also furnish security against Seth's claim. The city may protect itself in more than one way and is not obliged to elect which method it will pursue. The remedies are concurrent.

The judgment is affirmed.